24-3120
*United States of America v. Miguel Rivera, a/k/a Macho*

# United States Court of Appeals
## for the Second Circuit

August Term 2025
Argued: December 18, 2025
Decided: September 3, 2026

No. 24-3120

UNITED STATES OF AMERICA,

*Appellee*,

— v. —

MIGUEL RIVERA, A/K/A MACHO,

*Defendant-Appellant*.

Appeal from the United States District Court
for the District of Connecticut
No. 3:20-cr-168, Janet C. Hall, *Judge*

Before: JACOBS, PARKER and LIVINGSTON, *Circuit Judges*.

Defendant-Appellant Miguel Rivera ("Rivera"), a convicted felon, was charged with possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The indictment also charged him with possessing a single bullet for a different firearm found by police on his person. Rivera moved to dismiss the

indictment, arguing that it was duplicitous. The District Court denied his motion and also ruled that the jury did not need to be unanimous as to which firearm or ammunition Rivera possessed. Ultimately, the jury convicted Rivera and the District Court sentenced him to 60 months of imprisonment and three years of supervised release.

On appeal, Rivera challenges his conviction under § 922(g)(1) on two grounds: (1) the duplicity of the indictment, which he contends necessitated a curative jury instruction, and (2) the sufficiency of the evidence against him. Rivera's challenges are unpersuasive. Accordingly, we **AFFIRM** the judgment of the District Court.

---

FOR DEFENDANT-APPELLANT: TRACY HAYES & ROBERT H. HENDRICKS, Assistant Federal Defenders, *for* Terence S. Ward, Federal Defender, District of Connecticut, Hartford, CT.

FOR APPELLEE: NATASHA M. FREISMUTH (Elena Lalli Coronado, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney, District of Connecticut, New Haven, CT.

BARRINGTON D. PARKER, *Circuit Judge*:

Defendant-Appellant Miguel Rivera, a convicted felon, was charged in a one-count superseding indictment with unlawful possession of a semiautomatic rifle, ammunition for the rifle, and a single bullet of a different caliber. *See* 18 U.S.C. § 922(g)(1). The rifle and both types of ammunition were seized from Rivera at the time of his arrest.

Rivera moved to dismiss the superseding indictment, arguing that it was duplicitous because it charged multiple offenses in a single count. The District Court denied the motion and concluded that jury unanimity was not required as to which firearm or ammunition Rivera unlawfully possessed. Instead, the jury had to unanimously find only that he illegally possessed ammunition or a firearm. Ultimately, the jury convicted Rivera of unlawful possession of a firearm by a felon and the District Court sentenced him to 60 months of imprisonment as well as three years of supervised release.

On this appeal, Rivera challenges his conviction under § 922(g)(1) on two grounds. First, he challenges the legal sufficiency of the indictment, claiming that it is duplicitous because it lumps the offense of possessing a firearm with 30 rounds of ammunition together with the offense of carrying a single round of

ammunition of a different caliber. He contends the duplicity of the indictment created the risk of a non-unanimous verdict absent a curative instruction. Accordingly, in Rivera's view, the District Court erred by not charging the jury that it needed to unanimously determine which ammunition or firearm he possessed on the night of the offense. Second, Rivera argues that the Government did not present sufficient evidence for the jury to find that he unlawfully possessed any firearm or ammunition. We are not persuaded. Accordingly, we **AFFIRM** the judgment of the District Court.

**STANDARD OF REVIEW**

Since this appeal arises from a judgment of conviction entered after a jury trial, we "draw the facts from the evidence presented at trial, viewed in the light most favorable to the government." *United States v. Thompson*, 896 F.3d 155, 159 (2d Cir. 2018) (internal quotation marks omitted). "We review properly preserved challenges to an indictment de novo, including whether an indictment is duplicitous[.]" *United States v. Kandic*, 134 F.4th 92, 99 (2d Cir. 2025) (internal quotation marks omitted). We also review preserved challenges to jury instructions and preserved claims of insufficiency of the evidence de novo. *United*

*States v. Kopstein*, 759 F.3d 168, 172 (2d Cir. 2014); *United States v. Atilla*, 966 F.3d 118, 128 (2d Cir. 2020).

## BACKGROUND

### I. The Shooting Incident

On July 5, 2020, around 2:00 am, police responded to a 911 call reporting shots fired near Williams Street in Waterbury, Connecticut. A Waterbury patrol officer responded to the call and traveled to the area, where he noticed Rivera, walking alone, along Williams Street. The officer rolled down his window to ask whether Rivera had heard gunshots in the area; however, Rivera took flight instead of answering. The officer exited his vehicle and pursued him. While exiting his cruiser, the officer heard a loud sound resembling a metallic object striking something else. Rivera later confessed to authorities that this sound was caused by the firearm he dropped while fleeing from the officer. After some pursuit, the officer caught Rivera and placed him under arrest.

After Rivera was detained, the officer searched Rivera and found a single 5.56 caliber round in his pocket. After searching Rivera, the officer investigated the surrounding area and located a firearm—a Romarm AK-type, 7.62x39 caliber, semiautomatic rifle. The rifle showed no signs of rust or exposure to the environment, indicating that it had recently been discarded.

## II. Rivera's Trial

The case proceeded to trial where the Government's case-in-chief consisted of seven witnesses ranging from the officers that apprehended Rivera on the night of the incident to crime scene technicians, forensic experts, and a federal agent who analyzed relevant physical evidence and linked it to Rivera. The jury found Rivera guilty and the District Court sentenced him to 60 months of imprisonment and three years of supervised release. This appeal followed.

## DISCUSSION

On appeal, Rivera, as noted, challenges his conviction under § 922(g)(1) on two grounds: (1) the duplicity of the indictment, which he contends created a risk of a non-unanimous verdict, and (2) the sufficiency of the evidence against him. We address each in turn.

## I. Duplicity of the Indictment and Unanimity

Generally, "two or more distinct crimes should not be alleged in a single count of an indictment." *Kandic*, 134 F.4th at 99 (internal quotation marks omitted). If an indictment "violates this prohibition [it] is said to be duplicitous." *Id.* (internal quotation marks omitted). "Duplicitous pleading, however, is not presumptively invalid." *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006). Accordingly, "[w]e have recognized that 'if the doctrine of duplicity is to be more

than an exercise in mere formalism, it must be invoked only when an indictment affects the policy considerations' that underlie that doctrine." *United States v. Margiotta*, 646 F.2d 729, 732–33 (2d Cir. 1981) (quoting *United States v. Murray*, 618 F.2d 892, 897 (2d Cir. 1980)) (alterations accepted). The relevant policy considerations "include avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution." *Id.* at 733.

Rivera argues that the indictment was impermissibly duplicitous because the superseding indictment improperly combined separate instances of possession into a single count and, absent a curative instruction, risked a non-unanimous verdict. In his view, "[b]ecause the superseding indictment lumps separate offenses into one charge, the district court should have instructed the jury that it had to unanimously agree on which offenses Rivera committed." Reply Br. at 1. We disagree. Even assuming *arguendo* that the indictment was duplicitous, it was not impermissibly duplicitous. Here, the Government alleged that Rivera

possessed the firearm, 30 rounds of ammunition, and the single bullet of a different caliber "simultaneously and over the course of a single night." App'x at 44. Because, as we explain below, the specific item possessed is not an element of § 922(g)(1), there was no risk of a non-unanimous verdict with respect to that offense.

A defendant's Sixth Amendment right to a "trial by an impartial jury" includes the right to "a unanimous verdict." *Ramos v. Louisiana*, 590 U.S. 83, 90 (2020). Thus, "a jury in a federal criminal case cannot convict unless it unanimously finds that the Government has proved each element" of the crime. *Richardson v. United States*, 526 U.S. 813, 817 (1999). We agree with our sister circuits that have concluded the firearm or ammunition a defendant possessed is not an element of the offense, but is what the Supreme Court has termed a "brute fact[.]" *Id.*; *see also United States v. Kozeny*, 667 F.3d 122, 131 (2d Cir. 2011).

As *Richardson* explains, "[f]ederal crimes are made up of factual elements, which are ordinarily listed in the statute that defines the crime." 526 U.S. at 817. A factual element is distinct from a brute fact, as illustrated by the *Richardson* Court's hypothetical:

> Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to

> create the threat; others might conclude he used a gun. But that disagreement—a disagreement about means—would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.

*Id.*

After *Richardson* was decided, several circuits have applied it to prosecutions pursuant to § 922(g). In *United States v. Verrecchia*, the First Circuit analyzed, *inter alia*, whether the jury needed to "unanimously agree on at least one particular firearm [the defendant] possessed" to convict him under 18 U.S.C. § 922(g)(1). 196 F.3d 294, 298 (1st Cir. 1999). Examining the statutory text of § 922(g), that court concluded that "[t]he plain language of the statute suggests that the element of the crime is simply the possession of any firearm." *Id.* at 299 (internal quotation marks omitted). Accordingly, the "twelve jurors who agreed that a defendant possessed a firearm, but disagreed about which particular one, would be unanimous on the element—that he possessed any firearm." *Id.* (internal quotation marks omitted). "Their disagreement [about which firearm] would be acceptable because it would only concern 'underlying brute facts.'" *Id.* (quoting *Richardson*, 526 U.S. at 817). Thus, the jurors only needed to be unanimous that the defendant possessed any firearm, *not* the particular firearm, which was a mere brute fact. *Id.* at 299–301. After *Verrecchia*, the Fifth, Sixth, Seventh, and Eleventh

Circuits adopted the First Circuit's reasoning. *United States v. Talbert*, 501 F.3d 449, 451–52 (5th Cir. 2007); *United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004); *United States v. Pollock*, 757 F.3d 582, 586–88 (7th Cir. 2014); *United States v. Morris*, 131 F.4th 1288, 1293, 1295 (11th Cir. 2025).

Today, we join these Circuits and hold that the identity of the specific firearm or ammunition is not an element of a § 922(g)(1) offense. Accordingly, a jury must unanimously agree that the defendant possessed a firearm or ammunition. However, each juror need not agree with every other juror as to which of the items specified in the indictment the defendant possessed. Because the jury did not need to unanimously agree as which item Rivera possessed, the indictment and the lack of an accompanying instruction did not deprive Rivera of the right to a unanimous verdict.

Resisting this conclusion, Rivera contends that he has "never argued that the type of firearm is an element of the crime within a single unit of possession. Instead, he argued that the government presented evidence of two units of possession, so the jury needed to be unanimous as to each unit of possession." Reply Br. at 11. But the possibility that a specific firearm or ammunition could have been charged separately does not transform the item possessed into an

element of the crime. Here, Rivera's argument relies on our statement in *Olmeda* that "multiple charges may well be warranted if the evidence shows that the felon acquired possession of the firearms or ammunition on different occasions, or that he stored them at different sites." 461 F.3d at 280. But even assuming there was sufficient evidence of separate acquisition or storage of the items to warrant separate charges here, the existence of such evidence did not mean the jury needed to agree as to which of the items Rivera possessed.

The superseding indictment alleged that on July 5, 2020, Rivera "did knowingly possess a firearm and ammunition in and affecting interstate and foreign commerce." App'x at 25. At trial, the District Court gave the following instruction:

> You must unanimously agree that Mr. Rivera possessed a firearm or ammunition. However, each member of the jury need not agree with every other member of the jury as to which of the items named in the Indictment Mr. Rivera possessed. So long as each of you finds he possessed either one or more of (1) one Romarm/Cugir WASR 10 AK Type Model, 7.62x39mm caliber, semi-automatic rifle bearing serial number 1964cD0611; (2) approximately 30 rounds of Tula 7.62x39mm ammunition; or (3) one round of Prvi Partizan (PPU) 5.56x45mm ammunition, you, the jury, will have found this element.

Gov't App'x at 173.

The first sentence of the instruction is the *factual element* that the Government was required to prove beyond a reasonable doubt—that Rivera

possessed a firearm or ammunition. The second and third sentences go on to describe the brute facts or, in other words, the means by which Rivera violated the statute. *See Richardson*, 526 U.S. at 817; *see also Verrecchia,* 196 F.3d at 299. Even if the jury disagreed as to which precise item Rivera possessed, there was no risk the jury would disagree regarding the one act of possession the Government charged and prosecuted. App'x at 25.

## II. Sufficiency of the Evidence

Next, Rivera argues that the Government did not present to the jury sufficient evidence that he possessed any firearm or ammunition. "A defendant challenging the sufficiency of the evidence bears a heavy burden," because we "must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Landesman*, 17 F.4th 298, 319 (2d Cir. 2021) (alterations accepted) (internal quotation marks omitted).

We conclude that the Government presented sufficient evidence to convict Rivera. As the District Court noted, Detective John Sanchez testified at trial about Rivera's detailed, unequivocal confession. Although Rivera contested through other witnesses that he made these statements, "[t]he assessment of witness

credibility lies solely within the province of the jury, and the jury is free to believe part and disbelieve part of" the detective's testimony over what Rivera contended. *United States v. Josephberg*, 562 F.3d 478, 487 (2d Cir. 2009). In addition to Detective Sanchez's testimony, the Government entered dozens of exhibits into evidence and adduced testimony from six other witnesses that included the crime scene technicians and forensic experts. The witnesses' testimony, along with the exhibits entered into evidence, were sufficient to prove beyond a reasonable doubt that Rivera possessed the firearm and ammunition that authorities recovered when they apprehended him on the night of the shooting.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.